**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

|  |  |
|---|---|
| **HHJ THERAPY, LLC,** | |
| *Plaintiff,* | |
| v. | **CAUSE NO. 3:26-CV-169-CWR-LGI** |
| **Z A CONSTRUCTION, LLC,** | |
| *Defendant.* | |

**ORDER**

Defendant filed a motion for leave to file under seal certain exhibits to its response in opposition to Plaintiff's motion to remand. Docket No. 18. The motion is granted in part and denied in part.

The law in this area favors public access. "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). "The public has a common law right to inspect and copy judicial records." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quotation marks and citation omitted). The right of access, however, is not absolute.

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "The presumption however gauged in favor of public access to judicial records is one of the interests to be weighed on the public's 'side of the scales.'" *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981) (cleaned up) (quoting *Nixon v. Warner Commc'n*, 435 U.S. 589, 602 (1978)). *See also Van Waeyenberghe*, 990

1

F.2d at 848 n.4 (same). "[C]ourts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 418.

Defendant identifies three items it wishes to seal: (1) Z A's 2023 Health Benefit Plan; (2) a 2023 Administrative Services Agreement between Z A and non-party UMR, Inc.; and (3) claims data for relevant plan member.

The first item is a health benefit plan. It does not appear to contain any PII or trade secret. Z A fails to articulate any harm it may suffer if this item were made public. The request to file this item under seal is denied.

The second item is an agreement between Z A and a non-party. Z A represents that the document is marked confidential and contains confidential information such as pricing for various third-party administration services. Z A also represents that it may suffer adverse consequences if it were to make this document public. The request to file this item under seal is granted.

Item number three contains health information protected by HIPPA and its implementing regulations. Z A represents that public disclosure of the claims data would reveal sensitive medical details about a child who is not a party to this litigation and whose privacy interests warrant heightened protection. Based on this representation, the Court finds that the potential harm to the parties (and relevant non-parties) if this item is made public outweighs the public's interest in access. The request to file this item under seal is granted.

In light of the protective order to which the parties have agreed, counsel for both parties shall have full access to the sealed items.

**SO ORDERED**, this the 2nd day of June 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
